# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00392-SCT

*MICHAEL T. SEARCY*

*v.*

*LAMARCUS D. GRIFFEN, R. YOUNG, LARRY HARDY, JACKIE PARKER AND STEVE W. PUCKETT, COMMISSIONER OF MISSISSIPPI DEPARTMENT OF CORRECTIONS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | JAMES M. NORRIS |
| | JANE LANIER MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/6/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

## SUMMARY

This case involves an untimely *pro se* appeal from an order of the Circuit Court of Sunflower County affirming the reclassification of Mr. Searcy from "A custody" house arrest to "B custody" confinement at Parchman penitentiary. Mr. Searcy's claim is procedurally barred, as it is untimely. Furthermore, neither reclassification from "A custody" to "B custody," nor exclusion from participation in the Intensive Supervision Program, implicates a protected liberty interest under this Court's decision in **Carson v. Hargett**, 689 So. 2d 753 (Miss. 1996), and the United States Supreme Court's holding in **Sandin v. Conner**, 515 U.S. 472 (1995).

## FACTS

Mr. Searcy was convicted of grand larceny and receiving stolen property in 1994. As punishment, pursuant to Miss. Code Ann. §§ 47-5-1003 to 47-5-1013 (1993), Mr. Searcy was placed in the Intensive Supervision Program (I.S.P.), more commonly known as house arrest. In that program, a convict remains an "inmate" of the Mississippi Department of Corrections (M.D.O.C.) classified in "A custody," but is allowed to be confined at home with the aid of electronic monitoring devices. Miss. Code Ann. § 47-5-1013 (1993).

Mr. Searcy, due to his violations of the terms of the I.S.P. program, was issued a Rules Violation Report and detention notice. He was subsequently detained pending reclassification. Mr. Searcy eventually was sent to Parchman, and, after attending a reclassification hearing, was demoted from an "A custody" to "B custody." Mr. Searcy was also removed from the I.S.P. program. Mr. Searcy apparently attempted to file an administrative appeal, but, according to the record before this Court, this was never completed.

Acting *pro se*, Mr. Searcy filed in the Sunflower County Circuit Court a motion styled as a petition to show cause, alleging that his reclassification from "A custody" to "B custody" and concomitant removal from the I.S.P. program was a violation of his constitutional rights. Mr. Searcy alleged that he was not given a hearing to determine whether he committed the infraction which resulted in his reclassification, nor was he allowed to present witnesses. The circuit court dismissed the petition by order dated January 24, 1996, finding that an inmate has no protected liberty interest in his classification status.

Mr. Searcy did not appeal the January 24 order within 30 days, but on March 19, 1996, he filed a motion in the circuit court styled as a "motion for an allowance of an out of time appeal." In this motion Mr. Searcy alleged that he received the notice of the judgment just one day before the time limit for appeal ran and that the writ writer who had been assisting him in this matter was absent from the law library, making it impossible for Mr. Searcy to effectively appeal within the Rule 4 time limit of 30 days. Mr. Searcy included with his motion an affidavit from the writ writer, Mr. Bass, attesting that he was indeed indisposed due to court order and unable to help Mr. Searcy file his appeal. Simultaneously with this motion for out-of-time appeal, Mr. Searcy filed a notice of appeal to this Court. The circuit court subsequently denied Mr. Searcy's "motion for out of time appeal" on March 27, 1996.

## THE PROCEDURAL BAR

Rule 4(a) of the Mississippi Rules of Appellate Procedure (Miss.R.App.P.) provides that in all civil and criminal appeals "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days." In the instant case Mr. Searcy waited approximately 53 days before he filed his notice of appeal and did not properly complete the administrative review procedure. Furthermore, Mr. Searcy did not even wait for the circuit court to issue a ruling on his motion for out-of-time appeal before filing his appeal with this Court. Mr. Searcy is thus procedurally barred.

## THE SUBSTANTIVE ISSUES

Mr. Searcy's *pro se* brief before this Court alleges that his state and federal constitutional rights to

due process of law were violated by his reclassification from "A custody" to "B custody" without a hearing. Mr. Searcy argues that he has a liberty interest in both his classification as "A custody" and in his participation in the Intensive Supervision Program. Furthermore, Mr. Searcy includes for this Court's benefit several printed forms of the M.D.O.C. dealing with reclassification and demotion of prisoners, which he maintains establish a mandatory right to a hearing or to presentation of witnesses.

Mr. Searcy's claims are without merit under this Court's holding in *Carson v. Hargett*, 689 So. 2d 753 (Miss. 1996), and the United States Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995), because a convicted felon does not have a liberty interest in his classification status or in participation in the Intensive Supervision Program.

## DISCUSSION

Section 1 of the Fourteenth Amendment to the U. S. Constitution protects individuals from deprivation of life, liberty, or property without due process of law. Necessarily, in order to come under its protection, an individual must have either a life, liberty, or property interest. Despite the seemingly broad sweep of this language, "it is well settled that only a limited range of interests fall within this provision." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). The current test for determining which interests fall within the provisions of the Due Process Clause is derived from *Sandin v. Conner*, in which the United States Supreme Court opined:

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citations omitted).

This Court adopted the *Sandin* test in the recent case of *Carson v. Hargett*, 689 So. 2d 753 (Miss. 1996). In that case a prisoner alleged that his assignment to close confinement ("C custody") violated his right to due process and deprived him of a protected liberty interest. *Id*. at 754. The Court noted that the determination of demotion was completely discretionary and that Miss. Code Ann. § 47-5-104 (1972) conferred no right to a particular classification. *Id*. at 755.

Turning to the instant case, it is clear that Mr. Searcy has no liberty interest in either his classification as an "A class" inmate or in his participation in the I.S.P. program. As in *Hargett*, Mr. Searcy has not alleged that he was not treated exactly the same as other inmates demoted from the I.S.P. program, nor does he raise any other substantive constitutional objection. This case is thus controlled by this Court's holding in *Hargett*. In *Hargett* this Court noted that Miss. Code. Ann. § 47-5-104 (1972) confers complete discretion regarding sentencing matters in the Classification Committee of the M.D.O.C. *Id*.

Nowhere does the statute provide that an inmate "shall" have a right to any particular classification; rather, the decision is discretionary. The discretionary nature of this statute was recognized by the Fifth Circuit Court of Appeals in *Tubwell v. Griffith*: "Under Mississippi state law, the classification of inmates is the responsibility of the Department of Corrections, and an inmate has no right to a

particular classification. Miss. Code Ann. §§ 47-5-99 through 47-5-103. Thus, Tubwell has no liberty interest in his custody classification under the Due Process Clause." 742 F.2d 250, 253 (5th Cir. 1984).

Similarly, an examination of the relevant statutory provisions governing the I.S.P. program reveals no language indicative of such mandatory right in that provision:

> § 47-5-1003. Use of intensive supervision program; eligibility; procedure and time limits.
>
> (1) An intensive supervision program *may* be used as an alternative to incarceration for offenders who are low risk and nonviolent as selected by the department or court. Any offender convicted of a sex crime or a felony for the sale or manufacture of a controlled substance under the uniform controlled substances law shall not be placed in the program.

Miss Code Ann. § 47-5-1003(1) (Supp. 1996) (emphasis added.) Again, there is no mandatory scheme which indicates that a prisoner is entitled to participate in the I.S.P. program, nor is reclassification from house arrest to confinement an " atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, it is clear that Mr. Searcy has no protected liberty interest in his classification as an "A felon" under either Section 14 of Article III of the Mississippi Constitution or Section 1 of the Fourteenth Amendment to the U. S. Constitution.

The lack of a constitutional remedy does not imply that Mr. Searcy and similarly situated felons are completely without a remedy for arbitrary actions taken by the M.D.O.C. This Court reviews, under the substantial evidence standard, the decisions of the classification board as it does any other administrative body. Miss. Code Ann. § 47-5-807 (1993). Additionally, the M.D.O.C. provides its own administrative remedy program to guard against arbitrary and capricious action, a procedure of which Mr. Searcy elected not to avail himself in the instant case.

## CONCLUSION

In conclusion, Mr. Searcy's appeal to this Court is untimely. Additionally, Mr. Searcy has no colorable claim of a constitutional violation, because, under the applicable statutes, there is no objective and mandatory criteria guaranteeing that a prisoner in the custody of the M.D.O.C. will be afforded either a particular classification or the ability to participate in the I.S.P. program; and, furthermore, a change in classification does not implicate a "right" to be free from restraint which is a substantial hardship above and beyond the ordinary incidents of prison life. Under the applicable federal and state precedent, therefore, there is no constitutionally protected liberty interest in either Mr. Searcy's classification or his participation in the I.S.P. program.

**AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**